## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

KEVIN BASCOM,

          Plaintiff,

v.

JP MORGAN CHASE BANK
NATIONAL ASSOCIATION, *et al.*,

          Defendants.

CIVIL ACTION NO.

3:17-cv-00121-TCB-RGV

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Defendants JP Morgan Chase Bank National Association. ("Chase"), and

Mortgage Electronic Registration Systems, Inc. ("MERS"), jointly referred to as

"defendants," move to dismiss this action filed by plaintiff Kevin Bascom

("Bascom") for failure to state a claim.  [Doc. 5].[1]  Bascom, who is proceeding *pro se*,

has not responded to defendants' motion to dismiss, so the motion is deemed to be

unopposed.  See LR 7.1B, NDGa.[2]  Additionally, the docket does not reflect that

---

[1] The listed document and page numbers in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

[2] Although defendants' motion to dismiss is deemed to be unopposed, the Court will address the merits of the motions.  See Trainer v. Nix, Civil Action No. 1:07-CV-1227-JOF, 2009 WL 2370677, at *1 (N.D. Ga. July 29, 2009) (considering merits of defendants' motions even though they were unopposed); Eley v. Morris, 390 F. Supp. 913, 917-18 (N.D. Ga. 1975) (evaluating plaintiffs' motions on the merits despite defendants' failure to file responses in opposition).

Bascom has served any of the other defendants named in his complaint within the time allowed under Rule 4(m) of the Federal Rules of Civil Procedure.[3]  For the reasons that follow, it is **RECOMMENDED** that the unopposed motion to dismiss, [Doc. 5], be **GRANTED** and that this action be **DISMISSED WITHOUT PREJUDICE** for failure to effect service of process upon the remaining defendants.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On or about January 31, 2007, Pearl Madden ("Madden"), who is not a party to this action, obtained a mortgage loan from American Mortgage in the original principal amount of $86,400.00 in connection with purchasing or otherwise obtaining financing regarding the real property located at 290 Reed Road, Villa Rica, Georgia (the "property").  [Doc. 1-1 at 2; Doc. 5-2].[4]  Madden executed a note and

---

[3] Bascom also named American Mortgage Network ("American Mortgage"), Union Security Mortgage Corporation ("Union Security"), and U.S. Bank National Association ("U.S. Bank") as defendants in this action along with Chase and MERS, see [Doc. 1-1]; however,  neither the state court docket nor this Court's docket reflect that any of them have been served with process, see [Doc. 1 at 2 ¶ 1, 3-4 ¶ 4 (noting in the notice of removal that none of the defendants had been served with a copy of the summons and complaint)].

[4] The factual background is taken from the pleadings and supporting exhibits and does not constitute findings of fact by the Court.  Additionally, defendants have attached certain exhibits to their motion to dismiss.  See [Docs. 5-2 & 5-3].  Generally, the Court "may not consider matters outside the pleadings without converting [a motion to dismiss] to a motion for summary judgment[.]"  Redding v. Tuggle, No. 1:05-cv-2899-WSD, 2006 WL 2166726, at *5 (N.D. Ga. July 31, 2006), adopted at *1; see also Omega Patents, LLC v. Lear Corp., No. 6:07-cv-1422-Orl-31DAB, 2008 WL 821886, at *1 (M.D. Fla. Mar. 20, 2008).  However, the Court may consider an exhibit

security deed dated January 31, 2007, encumbering the property for the benefit of American Mortgage and its successors and assigns.  [Doc. 5-2 & 5-3].  Pursuant to the security deed, Madden granted and conveyed the property to MERS, and its successors and assigns, with power of sale.  [Doc. 5-3 at 2-3].  Chase is the current holder and/or servicer of the loan.  [Doc. 1-1 at 4-5].  Among other things, the note and security deed require the prior written consent by the lender to any attempt to transfer the borrower's rights and obligations under the loan.  [Doc. 5-3 at 11 ("Subject to the provisions of Section 18 [of the Security Deed], any Successor in

---

without converting the motion into a motion for summary judgment if it is "central to the plaintiff's claim and the authenticity of the document is not challenged." Adamson v. Poorter, No. 06-15941, 2007 WL 2900576, at *2 (11th Cir. Oct. 4, 2007) (per curiam) (unpublished) (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam)); see also Atwater v. Nat'l Football League Players Ass'n, Civil Action No. 1:06-CV-1510-JEC, 2007 WL 1020848, at *3 (N.D. Ga. Mar. 29, 2007); Cobb v. Marshall, 481 F. Supp. 2d 1248, 1254 n.2 (M.D. Ala. 2007) (citations omitted).  The documents at issue here are central to Bascom's  claims and their authenticity has not been challenged.  Zinn v. GMAC  Mortg., No. 1:05 CV 01747 MHS, 2006 WL 418437, at *3 (N.D. Ga. Feb. 21, 2006).  Furthermore, the documents are public documents, and "a district court may take judicial notice of matters of public record[.]"  Halmos v. Bomardier Aerospace Corp., 404 F. App'x 376, 377 (11th Cir. 2010) (per curiam) (unpublished) (citations omitted); see also Zivanic v. Wash. Mut. Bank, F.A., No. 10-737 SC, 2010 WL 2354199, at *2 n.2 (N.D. Cal. June 9, 2010) (citation omitted).  Accordingly, the Court will consider the exhibits attached to the motion without converting the motion to a motion for summary judgment.  See Metal Morphosis, Inc. v. Acorn Media Publ'g, Inc., 639 F. Supp. 2d 1367, 1374 (N.D. Ga. 2009) (citing Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005)).

Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument.")]; see also [Doc. 5-2 at 3].

Bascom filed this action in the Superior Court of Carroll County on May 11, 2017, challenging the validity of the assignments of the loan documents; alleging violations of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 41 et seq., and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-390 et seq.; asserting claims of fraud and breach of an implied duty; and seeking to quiet title to the subject property and for prescriptive title to the subject property.  [Doc. 1-1]. Bascom alleges that he has been "the sole user" of the property since January 31, 2007, [id. at 5], and that he is a joint tenant of the property with Madden pursuant to a Warranty Deed (Joint Tenancy), dated February 24, 2010, which was recorded in the real property records of Carroll County, Georgia on March 1, 2010 at Deed Book 4715, Page 128, [id. at 8-9].

Defendants removed the action to this Court on August 28, 2017, [Doc. 1], asserting federal question jurisdiction based on the FTCA claim in the complaint, [id. at 2-3 ¶ 2].  Defendants further asserted that, although Bascom filed the complaint on May 11, 2017, none of the defendants had been served, and the removal was therefore timely and did not require the consent of the remaining defendants.  [Id.

at 1-2 ¶ 1, 3-4 ¶ 4].  Defendants subsequently filed the pending motion to dismiss, [Doc. 5], arguing that Bascom "lacks standing to bring this action because he is not a borrower under the loan and has not assumed the borrower's obligations thereunder." [Doc. 5-1 at 2].  In addition, defendants contend that each of Bascom's claims fails as a matter of law and his complaint should be dismissed with prejudice. [Id. at 2-3].  As previously noted, Bascom has not responded to the motion to dismiss.

## II.  STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action when the complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the Court must accept Bascom's allegations as true and construe the complaint in his favor.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993) (citation omitted).  "However, the court need not 'accept as true a legal conclusion couched as a factual allegation.'" Smith v. Delta Air Lines, Inc., 422 F. Supp. 2d 1310, 1324 (N.D. Ga. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations and internal marks omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level," id. (footnote and citation omitted), and the complaint must contain "enough facts to state a claim to relief that is plausible on its face," id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The Supreme Court in Iqbal held:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief."

Id. at 678-79 (last alteration in original) (citations omitted).[5] "Regardless of the

---

[5] Furthermore, "when a complaint is grounded in fraud, as it appears [Bascom's] complaint is, the complaint must comply with Fed.R.Civ.P. 9(b)'s heightened pleading requirement that [i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Roundtree v. Countrywide Home Loans, Inc., No. 3:09-cv-189-J-32TEM, 2009 WL 5215334, at

alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013), adopted at 1336 (citations and internal marks omitted); see also Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam) (citation omitted); Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citations omitted).[6]

## III.   DISCUSSION

### A.   Motion to Dismiss, [Doc. 5]

Defendants move to dismiss this action in its entirety, contending that Bascom lacks standing to bring this action because he is not a borrower under the loan and has not assumed the borrower's obligations. [Doc. 5-1 at 2]. They also argue that Bascom lacks standing to challenge the assignment of the loan documents, and

---

*4 (M.D. Fla. Dec. 29, 2009) (last alteration in original) (citation and internal marks omitted).

[6] Although *pro se* pleadings are governed by less stringent standards than pleadings prepared by attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this District's Local Rules, Grew v. Hopper, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008); see also Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005) (per curiam) (unpublished) (citation omitted) (stating "[a]lthough we construe them liberally, *pro se* complaints also must comply with the procedural rules that govern pleadings").

assert that his breach of implied duty claim fails because he is not a borrower under the loan, so they owe him no obligations under the loan.  [Id.].  Defendants further contend that Bascom's FTCA claim fails because there is no private right of action under section 5 of the FTCA and that his GFBPA claim fails because the GFBPA does not apply to mortgage transactions.  [Id.].  They also assert that Bascom's fraud claim fails because the complaint is devoid of any factual allegations that they committed any fraud against him and that his quiet title claim fails "because it is facially deficient under the Georgia Quiet Title Act and [Bascom] has failed to allege that he presently holds legal title to the subject property."  [Id. at 3].  Finally, defendants argue that Bascom's prescriptive title claim fails "because he cannot use adverse possession to cut off [their] rights pursuant to the properly recorded security deed and [he] has not come close to purportedly occupying the subject property for the requisite 20-year period required for adverse possession under Georgia law."  [Id.].  The Court will address each of the grounds for dismissal asserted by defendants in their motion to dismiss.

1.   *Standing*

Defendants first argue that Bascom lacks standing to bring this action because it is undisputed that he is not the borrower under the loan, nor has he alleged that he assumed the loan obligations in a writing approved by the lender.  [Id. at 8].

8

Thus, they contend that Bascom "is not entitled to the borrower's rights and benefits under the security deed," and he "lacks standing to complain about any alleged misconduct regarding the loan to which he is not a party."   [Id. (citations omitted)].

While Bascom alleges that he has been the "the sole user" of the property since January 31, 2007, [Doc. 1-1 at 5], and that he is a joint tenant of the property with Madden pursuant to a warranty deed, [id. at 8-9], his complaint does not allege that he assumed in writing the borrower's payment obligations under the loan or that the "Lender" approved the same, see generally [Doc. 1-1], as required by the terms of the security deed, see [Doc. 5-3 at 11].  Thus, although Bascom may have obtained some interest in the property through the warranty deed, he is not a borrower under the loan, and he has no standing to complain about alleged misconduct regarding the loan to which he is not a party.  See Henry v. Guaranteed Rates, Inc., 415 F. App'x 985, 985 (11th Cir. 2011) (per curiam) (unpublished) (finding plaintiff "lacked standing to complain about any alleged misconduct regarding a loan to which she was not a party"); Johnson v. Ocwen Loan Servicing, 374 F. App'x 868, 873 (11th Cir. 2010) (per curiam) (unpublished) (citations omitted) (holding "[plaintiff's] amended complaint fail[ed] to establish Article III standing, because [she] was not a borrower or otherwise obligated on the [] loan and, therefore, did not suffer an injury-in-fact."); Kelly v. Am.'s Servicing Co., CIVIL ACTION NO.

1:14-CV-1307-MHS-ECS, 2014 WL 12061533, at *4 (N.D. Ga. Sept. 30, 2014), adopted by 2014 WL 12115942, at *1 (N.D. Ga. Oct. 22, 2014) (citations omitted) (finding "[p]laintiff ha[d] not alleged that he assumed the [] loan obligations in writing or that any such assumption was approved by the Lender," and "[t]hus, he ha[d] not alleged facts to show that he [was] entitled to any of the 'Borrower's rights and benefits' under the Security Deed"). Thus, to the extent any of Bascom's claims rest on his status as a borrower on the loan executed by Madden, he has failed to state a plausible claim for relief.

### 2.    *FTCA Claim*

The only claim premised on federal law in his complaint is Bascom's contention that defendants violated the FTCA through unspecified unfair or deceptive acts or practices. [Doc. 1-1 at 4]. Defendants argue that Bascom has failed to state a plausible claim because his complaint does not include any specific factual allegations to support a claim under the FTCA, and in any event, there is no private right of action under section 5 of the FTCA. [Doc. 5-1 at 12-13].

Bascom's complaint alleges a FTCA violation but provides no factual basis to support such a claim. See [Doc. 1-1 at 4]. Without any factual allegations to support his contention, Bascom's bald assertion of a violation of the FTCA is insufficient to state a plausible claim for relief as a matter of law. Jenkins v. BAC Home Loan

Servicing, LP, 822 F. Supp. 2d 1369, 1374 (M.D. Ga. 2011).  Indeed, "[e]ven under Fed.R.Civ.P. 8(a)'s notice pleading provision and the liberal interpretation given to *pro se* pleadings, a complaint must include allegations respecting all material elements of all claims asserted; bare legal conclusions attached to a narrative of facts will not suffice." Martinez v. City of Orlando, No. 6:09-cv-802-Orl-22GJK, 2009 WL 3048486, at *5 (M.D. Fla. Sept. 21, 2009), adopted at *2 (citation and internal marks omitted); see also Giscombe v. ABN Amro Mortg. Grp., Inc., 680 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010).  Moreover, even if the few facts alleged in the complaint could be construed in some fashion to support his claim that defendants violated the FTCA, defendants correctly contend that section 5 of the FTCA, which governs "unfair or deceptive acts or practices in or affecting commerce," 15 U.S.C. § 45 (a)(1), does not provide for a private right of action, Horton v. HSBC Bank, Civil Action File No. 1:11-CV-3210-TWT, 2013 WL 2452273, at *9 (N.D. Ga. June 5, 2013), adopted at *1 (citing Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1174 (11th Cir. 1985); Valet Apartment Servs., Inc. v. Atlanta Journal & Constitution, 865 F. Supp. 828, 833 (N.D. Ga. 1994)).  Accordingly, Bascom has failed to state a plausible claim for relief under the FTCA.[7]

---

[7] The FTCA claim is the only one in the complaint that presents a federal question, and although supplemental jurisdiction may be exercised over state law claims related to federal claims in any action in which the Court has original jurisdiction, "when the federal-law claims have dropped out of the lawsuit in its

3.    *Assignment of the Loan Documents*

Bascom challenges "the validity of all assignments, the executed agreement that assigns the pool of mortgages, the schedule of pooled mortgaged loans that clearly and specifically identifies the mortgage at issue as among those assigned, so as to establish themselves as the legitimate mortgage holder."  [Doc. 1-1 at 3]. Defendants argue that Bascom lacks standing to contest any assignment of the loan documents because he is not a party to the assignments.  [Doc. 5-1 at 10-11].

---

early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (footnote and citation omitted).  Indeed, "[t]he federal courts of appeals . . . have uniformly held that once the district court determines that subject matter jurisdiction over a plaintiff's federal claims does not exist, courts must dismiss a plaintiff's state law claims," Scarfo v. Ginsberg, 175 F.3d 957, 962 (11th Cir. 1999) (citations omitted), and the Eleventh Circuit has therefore "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial," Young v. City of Gulf Shores, Civil Action No. 07-0810-WS-M, 2009 WL 920302, at *1 (S.D. Ala. Apr. 2, 2009) (internal marks omitted) (quoting Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam)).    Thus, the Court could decline to exercise supplemental jurisdiction over the remaining state law claims and remand them to the Superior Court of Carroll County.  See Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty., 402 F.3d 1092, 1123 (11th Cir. 2005) (citation omitted) ("Because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441, if the district court declines to continue to exercise supplemental jurisdiction, [the] remaining claim[s] should be remanded to state court."); Williams v. Fed. Nat'l Mortg. Ass'n, No. 1:13-cv-1899-WSD, 2013 WL 5361211, at *4 (N.D. Ga. Sept. 25, 2013) (citation omitted).  However, this Report and Recommendation will address the merits of the state law claims since the motion to dismiss is unopposed in the event supplemental jurisdiction is exercised over these claims.

There is no question that "[s]ecurity deeds and other mortgage loans are transferrable by way of assignment," <u>Woodberry v. Bank of Am., N.A.</u>, Civil Action File No. 1:11-CV-03637-TWT, 2012 WL 113658, at *2 (N.D. Ga. Jan. 12, 2012) (citation omitted), and "[c]ourts have repeatedly rejected the argument that a homeowner has standing to challenge the assignment of a security deed which grants the assignor a power of sale," <u>Moore</u>, 916 F. Supp. 2d at 1343–44 (citations and internal marks omitted); <u>see also</u> <u>Mcfarland v. BAC Home Loans Servicing, LP</u>, Civil Action No. 1:11–CV–04061–RWS, 2012 WL 2205566, at *3 (N.D. Ga. June 14, 2012) (citation omitted) ("[A]s a stranger to the Assignment contract, [p]laintiff lacks standing to challenge it."); <u>Adams v. Mortg. Elec. Registration Sys. Inc.</u>, Civil Action No. 1:11-CV-04263-RWS, 2012 WL 1319453, at *8 (N.D. Ga. Apr. 16, 2012) (citation omitted). As previously discussed, Bascom is even further removed from the assignment because he is not even the borrower.  Accordingly, he has failed to state a plausible claim with respect to challenging any assignment of the loan documents.

### 4.    *Breach of Implied Duty*

Bascom's complaint includes a claim for breach of implied duty, but he has not provided any factual allegations in support of this claim.  [Doc. 1-1 at 4]. Defendants move to dismiss this claim because the complaint fails to allege any facts that show they owe any independent duty to Bascom, [Doc. 5-1 at 14], and the

"vague allegation that [defendants] allegedly breached the implied duty of good faith and fair dealing, untied to any alleged breach of a specific provision of the Loan Documents, is not actionable as a matter of law," [id. at 16 (emphasis and citation omitted)].

Bascom has failed to allege any facts to support his claim for breach of implied duty, see [Doc. 1-1 at 4], and without any supporting factual allegations, the Court is unable "to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged," Iqbal, 556 U.S. at 678 (citation omitted). Bascom has not identified any basis for finding that defendants owe him any independent duty actionable in tort, and to the extent his claim rests on any conduct in connection with the loan documents, "[t]he general rule is that the mere breach of a contract does not constitute a tort." Cox v. Publix Super Mkts., Inc., CIVIL ACTION NO. 1:12-CV-2923-RLV, 2012 WL 12964687, at *2 (N.D. Ga. Nov. 19, 2012) (citations omitted) (dismissing a tort claim predicated on an alleged breach of a contractual duty). Moreover, to the extent his claim is based on an alleged breach of the terms of the loan documents, Bascom is not a party to the contract, and he has failed to identify any term of the loan documents that defendants allegedly breached. "[I]n order to state a claim for breach of the implied duty of good faith and fair dealing, a plaintiff must set forth facts showing a breach of an actual term of an agreement.

General allegations of breach of the implied duty of good faith and fair dealing not tied to a specific contract provision are not actionable." Am. Casual Dining, L.P. v. Moe's Sw. Grill, L.L.C., 426 F. Supp. 2d 1356, 1370 (N.D. Ga. 2006) (emphasis added) (citing Alan's of Atlanta, Inc. v. Minolta Corp., 903 F.2d 1414, 1429 (11th Cir. 1990); Tart v. IMV Energy Sys. of Am., Inc., 374 F. Supp. 2d 1172, 1182 (N.D. Ga. 2005)); see also Ashford v. Bank of Am., N.A., 1:16-cv-1445-WSD, 2016 WL 5746259, at *6 (N.D. Ga. Oct. 4, 2016) (citations omitted).  Because Bascom has not set forth any factual allegations that defendants breached an actual term of the loan documents, he has failed to state a plausible claim for breach of implied duty.

### 5.   *GFBPA Claim*

Bascom asserts a claim under the GFBPA, but as with several other claims, he provides no specific factual allegations to support this clam.  [Doc. 1-1 at 4]. Defendants contend that the GFBPA claim should be dismissed because the complaint consists solely of a conclusory reference to the GFBPA and fails to contain any specific factual bases underlying such a claim.  [Doc. 5-1 at 14].  Moreover, the few factual allegations elsewhere in his complaint all pertain to Madden's mortgage loan, and defendants contend that Bascom has failed to state a claim under the GFBPA because it does not apply to mortgage transactions.  [Id. at 13].

The GFBPA "is essentially a consumer protection statute, covering only 'consumer transactions' and 'consumer acts or practices.'" <u>Kason Indus., Inc. v. Component Hardware Grp., Inc.</u>, 120 F.3d 1199, 1203 (11th Cir. 1997) (footnote omitted) (quoting O.C.G.A. § 10-1-393(a)); <u>see also</u> <u>Hart v. Universal Fid. LP</u>, No. CIVA 1:06CV2907 GET, 2007 WL 294241, at *2 (N.D. Ga. Jan. 26, 2007) (citation omitted).  The GFBPA provides "a private action for any person who suffers injury or damages as a result of consumer acts or practices in violation of the Act to seek equitable injunctive relief and to recover general and exemplary damages." <u>Taylor v. Bear Stearns & Co.</u>, 572 F. Supp. 667, 672 (N.D. Ga. 1983) (citation omitted).

"[T]o prevail on a private cause of action under the [G]FBPA, a private individual must establish three elements: a violation of the Act, causation, and injury[.]" <u>Small v. Savannah Int'l Motors, Inc.</u>, 619 S.E.2d 738, 742-43 (Ga. Ct. App. 2005) (citation omitted).  "A prerequisite to stating a claim for relief under the [GFBPA] is the commission of some unfair act or deceptive practice, from which the Act is designed to protect the public." <u>Brewer v. Wells Fargo Home Mortg., Inc.</u>, CIVIL ACTION NO. 1:13-CV-2894-WBH, 2014 WL 12013434, at *2 (N.D. Ga. June 5, 2014) (quoting <u>Rivergate Corp. v. McIntosh</u>, 421 S.E.2d 737, 740 (Ga. Ct. App. 1992)).  Thus, at a minimum, "[a] claim under the [GFBPA] requires a showing that a defendant committed a volitional act constituting an unfair or deceptive act or

16

practice conjoined with culpable knowledge of the nature . . . of the act." Id. (citation and internal marks omitted).

Bascom has failed to state a claim under the GFBPA because his complaint concerns events related to Madden's mortgage, but the GFBPA "does not apply to residential mortgage transactions[.]" Harris v. Chase Home Fin., LLC, Civil Action File No. 4:11- cv-00116-HLM, at [Doc. 27 at 59 (citing Zinn, 2006 WL 418437, at *4)] (N.D. Ga. Dec. 21, 2011); see also Dang v. JPMorgan Chase Bank, Civil Action No. 1:11-CV-4143-TWT-ECS, 2012 WL 398442, at *2 (N.D. Ga. Jan. 12, 2012), adopted by 2012 WL 386593, at *1 (N.D. Ga. Feb. 6, 2012) (citation omitted) ("[T]he GFBPA does not apply to residential mortgage transactions."). Therefore, the GFBPA claim fails as a matter of law.[8]

**6.    *Fraud Claim***

Bascom asserts a claim of fraud that is followed by legal conclusions but no factual allegations.  [Doc. 1-1 at 4].  Defendants move to dismiss his fraud claim for failure to allege "any specific facts in support of the well-established elements of a

---

[8] "Even if [Bascom] could assert a claim for violation of the [G]FBPA . . ., [he] fails to assert that he gave [d]efendant[s] the required 30-day notice before filing his [c]omplaint."  Winston v. 360 Mortg. Grp., LLC, 1:17-cv-1186-WSD, 2017 WL 4356918, at *5 n.5 (N.D. Ga. Oct. 2, 2017) (citations omitted) (citing O.C.G.A. § 10-1-399(b)).  Thus, his "[G]FBPA claim is required to be dismissed for this additional reason." Id.

fraud claim under Georgia law or that meet the heightened pleading requirements under Rule 9(b)." [Doc. 5-1 at 18].

Under Georgia law, "[a] plaintiff must show five elements to establish the tort of fraud: a false representation by a defendant, scienter, intention to induce plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff." APA Excelsior III, L.P. v. Windley, 329 F. Supp. 2d 1328, 1355 (N.D. Ga. 2004) (footnote and internal marks omitted) (quoting Stiefel v. Schick, 398 S.E.2d 194, 195 (Ga. 1990)). "Fraud cannot consist of mere broken promises, expressions of opinion, unfulfilled predictions or erroneous conjecture as to future events." Koncul Enters., Inc. v. Fleet Fin., Inc., 630 S.E.2d 567, 570 (Ga. Ct. App. 2006) (citation and internal marks omitted). Additionally, claims of fraud "must comply with Fed.R.Civ.P. 9(b)'s heightened pleading requirement that [i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Roundtree, 2009 WL 5215334, at *4 (alteration in original) (citation and internal marks omitted). "To satisfy Rule 9(b)'s 'particularity' standard, a complaint should 'identify (1) the precise statements, documents or misrepresentations made; (2) the time and place of and persons responsible for the statement; (3) the content and manner in which the statements misled the plaintiff; and (4) what the [d]efendants gain[ed] by the alleged fraud.'" Id. (quoting W. Coast Roofing & Waterproofing,

18

Inc. v. Johns Manville, Inc., 287 F. App'x 81, 86 (11th Cir. 2008) (per curiam) (unpublished)); see also Sellers v. Bank of Am., Nat'l Ass'n, Civil Action No. 1:11-CV-3955-RWS, 2012 WL 1853005, at *4 (N.D. Ga. May 21, 2012) (citation omitted) ("[T]o avoid dismissal, a complaint alleging fraud must plead the 'who, what, when, where and how' of the alleged fraud.").

Bascom has not alleged facts establishing any of the essential elements of fraud under Georgia law, nor has he alleged any instances of fraudulent conduct with sufficient particularity to satisfy the heightened pleading standard of Rule 9(b). Instead, Bascom has merely stated principles of law regarding fraud without specifying any conduct on the part of defendants that supports a plausible claim of fraud. See [Doc. 1-1]. In sum, the complaint does not "contain [] direct or inferential allegations respecting all the material elements necessary" to establish a claim of fraud under Georgia law, and Bascom's fraud claim is therefore due to be dismissed for failure to state a plausible claim to relief in conformity with Rules 8 and 9 of the Federal Rules of Civil Procedure. See Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (citations and internal marks omitted).

7.    *Quiet Title*

In his quiet title claim, Bascom seeks a judicial declaration that title to the property is vested in him alone and that defendants have no right, title, or interest in the property.  [Doc. 1-1 at 5].  Defendants move to dismiss his quiet title claim as facially deficient because Bascom has failed to file any of the documents required under the Georgia Quiet Title Act and because the claim is predicated on Bascom's erroneous contention that he holds title to the property by adverse possession.  [Doc. 5 at 18-19].

"To quiet title to real property, one may seek relief under the procedures and standards for conventional quia timet, or under those for quia timet against all the world."  Vatacs Grp., Inc. v. U.S. Bank, N.A., 738 S.E.2d 83, 84 (Ga. 2013) (citing O.C.G.A. § 23-3-40 et seq.; O.C.G.A. § 23-3-60 et seq.); see also Cummings v. Mortg. Elec. Registration Sys., Inc., Civil Action File No. 1:13–CV–3302–TWT, 2014 WL 3767797, at *7 (N.D. Ga. July 30, 2014).  "Conventional quia timet is employed to quiet title as against 'any forged or other iniquitous deed or other writing which, though not enforced at the time, either casts a cloud over the complainant's title or otherwise subjects him to future liability or present annoyance, and the cancellation of which is necessary to his perfect protection.'"  Gurley v. E. Atlanta Land Co., 583 S.E.2d 866, 866–67 (Ga. 2003) (quoting O.C.G.A. § 23-3-40).  Quia timet as against all

the world, by contrast, "is used to remove any cloud of title to land . . ., and for readily and conclusively establishing that certain named persons are the owners of all the interests in land . . . so that there shall be no occasion for land in this state to be unmarketable because of any uncertainty as to the owner of every interest therein." Id. at 867 (last alteration in original) (internal marks omitted) (quoting O.C.G.A. § 23-3-60). To prevail on a claim of quia timet against all the world, a plaintiff must also satisfy a number of statutory procedural prerequisites. See O.C.G.A. § 23-3-62 (setting forth various procedural requirements to quiet title against all the world).

Since Bascom seeks a judicial declaration that title to the subject property is vested in him alone, [Doc. 1-1 at 5], it appears that he seeks to quiet title against all the world. However, it is clear that Bascom has failed to comply with the detailed procedural requirements necessary to sustain a petition of quiet title against all the world, and his claim is therefore due to be dismissed for failure to state a plausible claim to relief. See Cummings, 2014 WL 3767797, at *7 (dismissing plaintiff's quiet title claim under O.C.G.A. § 23-3-60 for failure to allege all of the "statutory prerequisites"). Moreover, in order to bring a claim under the Quiet Title Act, Bascom must assert that he holds some current record or prescriptive title to the property in question. See Smith v. Ga. Kaolin Co., 498 S.E.2d 266, 267-68 (Ga. 1998)

21

(citation omitted).  To the extent Bascom's quiet title claim against defendants rests on his assertion of prescriptive title to the property, defendants contend that he fails to state a claim as a matter of law, and these arguments will be discussed with respect to Bascom's final claim of prescriptive title.[9]

### 8.    *Prescriptive Title*

Finally, Bascom claims constructive possession of the property on the basis that he has been the sole user of the property since January 31, 2007, and he asks the Court to grant him prescriptive title to the property.  [Doc. 1-1 at 5-6].  Defendants contend that Bascom's prescriptive title claim fails as a matter of law because he had actual and constructive notice of the security deed executed by Madden, and "[p]rescription shall not run against the owner or holder of a mortgage, a deed to secure debt, a bill of sale to secure debt, or any other instrument creating a lien on or conveying an interest in real or personal property as security for debt in favor of

---

[9] If Bascom intended to assert a conventional quia timet claim, he must hold some current record or title to the property in question, and to the extent his claim rests on prescriptive title, he has failed to state a plausible claim against defendants for the reasons discussed with respect to his prescriptive title claim.  Moreover, "[i]n quiet title cases involving mortgages, Georgia law requires that a party first tender the amount due under the note and security deed before seeking the equitable remedy of quiet title."  Woodruff v. Nationstar Mortg., No. 1:14-cv-3981-WSD, 2015 WL 3887715, at *7 (N.D. Ga. June 22, 2015), adopted at *3 (citation omitted) (citing Sapp v. ABC Credit & Inv. Co., 253 S.E.2d 82, 87 (Ga. 1979)); see also Cummings, 2014 WL 3767797, at *7 n.48 (citations omitted).  Since Bascom has not alleged that he has tendered the amount due under the loan or security deed or that he is willing to do so, his quiet title claim fails for this additional reason.

a person who has actual or constructive notice of such instrument." [Doc. 5-1 at 20 (alteration in original) (citation omitted)].   Defendants also argue that Bascom's prescriptive title claim fails because he asserts in the complaint that he had been the sole use of the property only since January 31, 2007, which "comes nowhere close to being in purported possession of the [p]roperty for the requisite 20-year period of time under Georgia law."  [Id. at 21-22].

"Title by prescription is the right to property which a possessor acquires by reason of the continuance of his possession for a period of time fixed by law." O.C.G.A. § 44-5-160.  Under Georgia law, "adverse possession cannot be used as a tool to sever[] the rights of the holder of a note or security deed."  Bennett v. Ocwen Loan Servicing, LLC, CIVIL ACTION NO. 2:15-cv-170-WCO-JCF, CIVIL ACTION NO. 2:16-cv-14-WCO-JCF, 2016 WL 4267629, at *7 (N.D. Ga. June 13, 2016).  As defendants point out, O.C.G.A. § 44-5-176 provides that "[p]rescription shall not run against the owner or holder of a mortgage . . . or any other instrument creating a lien on or conveying an interest in real or personal property as security for debt in favor of a person who has actual or constructive notice of such instrument."  O.C.G.A. § 44-5-176.  Bascom at least had constructive, if not actual,[10] notice of the security deed

---

[10] Defendants point out that Bascom alleges that he attended the closing on January 31, 2007, [Doc. 1-1 at 2],which is the date Madden executed the note and security deed, [Doc. 5-1 at 20; Doc. 5-2; Doc. 5-3].

executed by Madden with respect to the property because the security deed  was signed, witnessed, notarized, and recorded in the real property records of Carroll County, Georgia.  See O.C.G.A. § 44-14-33; see also Carter-Frazier v. Inv'rs One Corp., CIVIL ACTION FILE NO. 1:12-CV-01017-SCJ-GGB, 2012 WL 12882927, at *5 (N.D. Ga. Dec. 7, 2012), adopted by 2013 WL 12123674, at *1 (N.D. Ga. Jan. 2, 2013) (citing O.C.G.A. § 44-14-33) ("[I]f a mortgage is duly filed, recorded, and indexed in the appropriate county land records, such recordation shall be deemed constructive notice to subsequent bona fide purchasers.").  Thus, pursuant to O.C.G.A. § 44-5-176, there can be no adverse possession of the property against defendants since Bascom had constructive notice of the security deed, see Vasko v. United States, 581 F. App'x 894, 898 (Fed. Cir. 2014) (per curiam) (unpublished), and he has therefore failed to state a plausible claim of prescriptive title against defendants.[11]  For all of the foregoing reasons, it is **RECOMMENDED** that the unopposed motion to dismiss, [Doc. 5], filed by defendants be **GRANTED**.

---

[11] Defendants also argue that Bascom's claim for prescriptive title fails because he has not possessed the property for 20 years, but under O.C.G.A. § 44-5-164, "[p]ossession of real property under written evidence of title in conformance with the requirements of [O.C.G.A. §] 44-5-161 for a period of seven years shall confer good title by prescription to the property against everyone except the state and those persons laboring under the disabilities stated in [O.C.G.A. §] 44-5-170, provided that, if the written title is forged or fraudulent and if the person claiming adverse possession had actual notice of such forgery or fraud when he commenced his possession, no prescription may be based on such possession."

## B. <u>Failure to Serve Remaining Defendants</u>

"Rule 4(m) of the Federal Rules of Civil Procedure requires that [] plaintiff serve each defendant within 90 days of filing the complaint." <u>Tatum v. Bank of Am., N.A.</u>, CIVIL ACTION FILE NO. 1:15-CV-3076-ODE-CMS, 2016 WL 4445265, at *3 (N.D. Ga. May 18, 2016) (citing Fed. R. Civ. P. 4(m)).[12] "When a case is removed from state court to federal court, the time limit of Rule 4(m) begins anew." <u>Id.</u> (citations omitted); <u>see also</u> <u>Dees v. Wash. Mut. Bank</u>, Civil Action No. 3:10-CV-0045 (CAR), 2010 WL 5349865, at *5 (M.D. Ga. Dec. 21, 2010) (citations omitted) ("[T]he [90]-day time limit for perfecting service under the Federal Rules of Civil Procedure would begin to run when [a case] is removed from state court."). In addition, "[t]he [90]-day time limit imposed by Rule 4(m) expires [90] days after the first complaint in which the defendant is named[.]" <u>Rudolph v. UT Starcom, Inc.</u>, No. C 07-04578 SI, 2009 WL 248370, at *2 (N.D. Cal. Feb. 2, 2009) (emphasis and citation omitted); <u>see also</u> <u>Ga. ex rel. Saunders v. Mortg. Elec. Registration Sys., Inc.</u>, Civil Action File No. 1:10–CV–3419–TWT–RGV, 2011 WL 1335824, at *5 (N.D. Ga. Mar. 11, 2011), adopted by 2011 WL 1322616, at *1 (N.D. Ga. Apr. 6, 2011) (citations omitted); <u>Morrison v.</u>

---

[12] Rule 4(m) was amended, effective December 1, 2015, to reduce the time for perfecting service from 120 days to 90 days. <u>See</u> <u>Jackson v. Goldco, LLC</u>, CASE NO.: 1:14-CV-119 (LJA), 2016 WL 1259405, at *3 n.1 (M.D. Ga. Mar. 29, 2016) (citing Fed. R. Civ. P. 4(m)). Because this case was filed in state court on May 11, 2017, after the effective date of the amendment, the 90-day limit applies.

Morgan Stanley Props., No. 06-80751-CIV, 2008 WL 1771869, at *2 (S.D. Fla. Apr. 15, 2008) (citations omitted).  "Failure to comply with this rule will result in dismissal of the complaint without prejudice unless the plaintiff can show good cause why service was not made within that period."  Davis v. Mortg. Elecs. Registration Sys., Inc., Civil Action No. 1:09-CV-3109-TWT-CCH, 2010 WL 1529319, at *2 (N.D. Ga. Mar. 2, 2010), adopted by 2010 WL 1529307, at *1 (N.D. Ga. Apr. 13, 2010) (citing Fed. R. Civ. P. 4(m)).

Bascom filed his complaint in the Superior Court of Carroll County on May 11, 2017, naming Chase, MERS, American Mortgage, Union Security, and U.S. Bank as defendants in that complaint.  See [Doc. 1-1].  Defendants Chase and MERS removed the complaint to this Court on August 28, 2017, [Doc. 1], and therefore, the period for service has expired.  However, neither the state court docket nor this Court's docket reflect that American Mortgage, Union Security, or U.S. Bank have been properly served with process in this case.[13]  "Where, as here, plaintiff[] failed to serve [defendants] properly within the [90]-day period allotted under the Federal Rules of Civil Procedure, 'the court–on motion or on its own initiative after notice to the plaintiff–must dismiss the action without prejudice against that defendant or

---

[13] In fact, the docket does not indicate that Chase and MERS have been served either, but Chase and MERS have not advanced any argument regarding lack of service in their motion to dismiss.  See [Doc. 5].

order that service be effected within a specified time.'"  <u>Anderson v. Dunbar</u>

<u>Armored, Inc.</u>, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009), adopted at 1290 (quoting

Fed. R. Civ. P. 4(m)).  "'But if the plaintiff shows good cause for the failure, the court

shall extend the time for service for an appropriate period.'"  <u>Id.</u> (quoting Fed. R.

Civ. P. 4(m)).  To date, American Mortgage, Union Security, and U.S. Bank have not

made an appearance in this case, and there is no actual proof of service on the

docket.  Moreover, Bascom has not sought an extension of time in which to serve

these defendants or shown good cause for his failure to serve them with the

summons and complaint.[14]  Because more than 90 days have passed since the

removal to this Court of the complaint naming American Mortgage, Union Security,

and U.S. Bank as a defendants, it is hereby **RECOMMENDED** that the claims

against these defendants be **DISMISSED WITHOUT PREJUDICE** for Bascom's

failure to perfect service of process.[15]  <u>See</u> Fed. R. Civ. P. 4(m); <u>Milburn v. Aegis</u>

---

[14] Although Bascom "fail[ed] to show good cause for failing to timely effect service, [the] [C]ourt 'must still consider whether any other circumstances warrant an extension of time based on the facts of the case.'"  <u>Duncan v. CCA McRae Corr.</u> <u>Facility</u>, No. CV 308-047, 2009 WL 1151620, at *1 (S.D. Ga. Apr. 27, 2009), adopted at *1 (quoting <u>Lepone-Dempsey v. Carroll Cty. Comm'rs</u>, 476 F.3d 1277, 1282 (11th Cir. 2007)).  "Nevertheless, the decision to extend the time for service is within the Court's sound discretion."  <u>Id.</u>  The Court finds no circumstances on the record before it that warrant an extension of time for Bascom to serve these defendants.

[15] To the extent notice is required, this Report and Recommendation serves as notice to Bascom that his case against American Mortgage, Union Security, and U.S. Bank is subject to dismissal.  <u>See</u> <u>Anderson</u>, 678 F. Supp. 2d at 1296 (emphasis and

Wholesale Corp., Civil Action No. 1:12-CV-1886-RWS, 2013 WL 1747915, at *1 n.2

(N.D. Ga. Apr. 22, 2013).

## IV.   CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the unopposed motion

to dismiss, [Doc. 5], filed by defendants Chase and MERS be **GRANTED** and that

this action be **DISMISSED WITH PREJUDICE** as to them and that it be

**DISMISSED WITHOUT PREJUDICE** as to American Mortgage, Union Security,

and U.S. Bank for Bascom's failure to properly serve them within the time allowed

by Rule 4

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO ORDERED** and **RECOMMENDED**, this 8th day of February, 2018.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

citations omitted) ("This Report and Recommendation . . . serves as notice to
[Bascom] that if [he] disagree[s] with this recommendation, [he] must file timely
objections . . . with the District Court, setting forth appropriate evidence and
arguments why [his] failure to serve [these defendants] should not result in the
dismissal of his claims against [them].").