IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

KEVIN BASCOM,

    Plaintiff,

v.

JP MORGAN CHASE BANK
NATIONAL ASSOCIATION, et al.,

    Defendants.

CIVIL ACTION FILE

NO.  3:17-cv-121-TCB

## **O R D E R**

    This case comes before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation (the "R&R") [7], which recommends granting Defendants JP Morgan Chase Bank National Association ("Chase") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") motion [5] to dismiss and dismissing without prejudice the remaining defendants for Plaintiff Kevin Bascom's failure to effect service of process. No objections to the R&R have been filed.

    The Court has conducted a "careful and complete" review of the R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainright*, 677 F.2d 404, 408 (5th Cir. Unit

B 1982)). Having done so, it finds no plain error in its factual findings or legal conclusions. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (holding that where no objection is made to an R&R, it need be reviewed only for clear error).[1]

Accordingly, the Court adopts as its Order the R&R [7]. Chase and MERS's motion [5] to dismiss is granted. As to the remaining Defendants, this case is dismissed without prejudice. The Clerk is instructed to close this case.

IT IS SO ORDERED this 27th day of February, 2017.

_____
Timothy C. Batten, Sr.
United States District Judge

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).